IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DALE RUSSELL, #112117, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 1:20-CV-635-ECM-SMD |
| REOSHA BUTLER, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Anthony Dale Russell, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action in August 2020. *See* Doc. 1. Thereafter, Defendants filed an Answer and Special Report (Doc. 31), in which they move for summary judgment, and Plaintiff responded (Docs. 33, 34). Upon consideration of the parties' submissions, and for the reasons set forth below, the undersigned RECOMMENDS that Defendants' Special Report be construed as a motion for summary judgment; the motion be GRANTED; and this case be DISMISSED.

**I.    THE COMPLAINT**

Plaintiff brings this suit against four prison officials—Warden Butler, Captain Rouse, Lt. Farris, and Sgt. Bowens[1]—at Elba Work Release Center. Doc. 1 at 1, 2. He alleges that, at some unidentified time, Defendant Bowens wrote him a Behavior Citation for making unauthorized transactions with his debit card, but Plaintiff never made any

---

[1] Misspelled in the Complaint and on the docket as "Bowen." *See* Doc. 1 at 1, 2.

unauthorized transactions. *Id*. at 4. He further alleges that none of the Defendants "have followed any of the rules or regulations regarding Debit Cards"; during New Inmate Orientation, Defendants Bowens and Rouse told prisoners they could send their debit cards out for meal purchases; Defendant Butler and her Senior Officers "have devised a plan/plot to depreciate the spending power of [Plaintiff]"; Defendant Bowens "wrote XXX amount of [d]isciplinaries[] knowing they were against the Policy of the ALDOC"; Defendant Farris "served these [d]isciplinaries knowing his actions w[e]re also illegal"; Plaintiff requested that the remaining funds on his card be placed back onto his PMOD account, rather than be spent on the vending machine, and he was denied that request by an unknown individual; and, finally, Plaintiff's Behavior Citation "goes in [his] Classification File, Central Records, ALDOC Computer vault, and the Parole Board" and issuing it was "[a] colaborrated [sic] effort on behalf of" Defendants "meant to destroy all for the sake of selfish power and control." *Id*. Based on these allegations, Plaintiff claims that his due process rights were violated. *Id*. at 2.

## II.   MOTION BEFORE THE COURT

On September 22, 2020, the Court issued an Order directing Defendants to file a Special Report addressing Plaintiff's claims (Doc. 5), which Defendants did on April 5, 2021 (Doc. 31). In their Special Report, Defendants move for summary judgment and provide evidentiary materials in support. *Id.* On April 6, 2021, the Court issued another Order directing Plaintiff to file a response to the Special Report (Doc. 32), which the Court received on April 23, 2021 (Docs. 33, 34). In its April 6 Order, the Court notified the parties that, absent any objections, it may thereafter treat Defendants' Report and Plaintiff's

2

response as a motion for summary judgment and response. Doc. 32 at 2–3. No objections were filed. Thus, the Special Report may now appropriately be construed as a motion for summary judgment.

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for "summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248). "An issue is 'material' if it might affect the outcome of the case under the governing law." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in

support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the movant has satisfied this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In doing so, and to avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

If the nonmovant "fails to properly address another party's assertion of fact as required by Rule 56(c)," then the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

"In reviewing whether the nonmoving party has met its burden, the [C]ourt must stop short of weighing the evidence and making credibility determinations of the truth of the matter." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998–99 (11th Cir. 1992)

(citation omitted). "Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 999 (citations and internal quotations omitted). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted). Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249–50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

## IV. RELEVANT FACTS[2]

In March of 2019, Defendant Bowens issued Plaintiff a Behavior Citation charging him with violating institutional rules for making "unauthorized transactions with [his] debit card at an ATM and various stores." Doc. 31-1 at 2–3. Plaintiff denies having made any unauthorized transactions.[3] Nevertheless, on March 27, 2019, Defendant Farris approved

---

[2] As noted above, where facts are in dispute, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton*, 965 F.2d at 999. Accordingly, the "facts" set forth herein are merely for purposes of resolving summary judgment and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("[W]hat we state as 'facts' . . . for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts.") (citation omitted).

[3] It is unclear whether Plaintiff denies having made the transactions at all or whether he simply believes the transactions were authorized. The Complaint appears to indicate the latter, as it claims that Defendants Bowens and Rouse told him and other inmates that they could send their debit cards out for meal purchases. Doc. 1 at 4. Defendant Rouse confirms that he told inmates they could allow coworkers to purchase meals for them at local restaurants, but he avers that he further told them their cards could not be used at ATMs or places that sold alcoholic beverages. Doc. 31-2. Regardless, as will be addressed below, whether particular transactions were made and whether they were authorized is irrelevant to resolving summary judgment in this case.

the Citation. *Id*. at 2. As a result, Plaintiff received two extra hours of duty per day for 20 days, lost telephone and canteen privileges for 10 days, and lost visiting privileges for 14 days. *Id*. at 2–3.

## V.     DISCUSSION

Plaintiff claims that Defendants' actions violated his due process rights. To succeed on a due process claim, Plaintiff must first demonstrate the existence of a protected liberty or property interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The Eleventh Circuit has made clear that there are only two instances in which a prisoner may be deprived of a due process liberty interest under § 1983:

> The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

In this case, Plaintiff was deprived of telephone and canteen privileges for 10 days and visiting privileges for 14 days. Doc. 31-1 at 2–3. However, none of these deprivations amount to a Constitutional or state-created liberty interest. First, the Constitution does not

6

provide an inmate a right to telephone, canteen, or visitation privileges. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460–61 (1989) (explaining that an inmate does not have a protected interest in visitation arising from the Due Process Clause); *Overton v. Bazzetta*, 539 U.S. 126, 131, 134 (2003) (upholding a two-year restriction on visitation privileges and noting that prison confinement requires the surrendering of liberties and privileges enjoyed by other citizens); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 894 (11th Cir. 2015) (upholding a one-year restriction on visitation privileges and noting that plaintiff "did not have a protected liberty interest in unfettered visitation privileges while in prison"); *Walker v. Loman*, Case No. 2:06-CV-896-WKW, 2006 WL 3327663, at *1, *3 (M.D. Ala. Nov. 15, 2006) (holding that 90-day loss of telephone, store, and visitation privileges did not result in the deprivation of a liberty interest). Second, there is no state-created liberty interest in telephone, canteen, or visitation privileges in Alabama. *See Dumas v. State*, 675 So.2d 87, 88–89 (Ala. Crim. App. 1995).

Plaintiff also received two extra hours of duty per day for 20 days. Doc. 31-1 at 2–3. This imposition also fails to implicate a Constitutional or state-created liberty interest. *See Spinks v. Bailey*, Case No. 5:15-CV-1580, 2016 WL 4578339, at *4 (N.D. Ala. June 24, 2016) ("[T]he Supreme Court and Eleventh Circuit have never found liberty interests arising from the due process clause in connection with the temporary institution of extra duty[.]"); *Zamudio v. State*, 615 So.2d 156, 157 (Ala. Crim. App. 1993) ("Store and telephone privileges are not liberty interests, nor does a prisoner have a right not to have extra work duty imposed."); *Summerford v. State*, 466 So.2d 182, 185 (Ala. Crim. App. 1985) ("Based on the reasoning of . . . United States Supreme Court cases, we do not

believe [a plaintiff has] a 'liberty interest' protected under the due process clause . . . in being unburdened by an extra work detail.").

Plaintiff further appears to claim that the Behavior Citation will remain on his record and may affect his future custody classification or parole opportunities. *See* Doc. 1 at 4. Because there are no allegations nor evidence in the record that either of these outcomes has actually occurred or is likely to occur as a result of the Behavior Citation, Plaintiff's concerns are merely speculative. *See Kirby*, 195 F.3d at 1290 (noting, in a § 1983 case, that a court must first "consider whether [plaintiff] has suffered injury or come into immediate danger of suffering injury" and that "[t]his factor inquires whether a credible threat of injury exists, or rather a mere speculative threat insufficient for Article III purposes"). Moreover, even if these concerns amounted to more than mere speculation, they also fail to implicate a Constitutional or state-created liberty interest in this case.

First, the Constitution provides no liberty interest in a prisoner's custody classification. *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994); *see also Meachum v. Fano*, 427 U.S. 215, 224–26 (1976) (holding that a prisoner does not have a liberty interest in assignment to any particular prison, regardless of whether the conditions of one prison are "much more disagreeable" than another). It also provides no liberty interest in parole. *See Jones v. Ray*, 279 F.3d 944, 945 (11th Cir. 2001) ("It . . . is well-settled that there is no federal constitutional right to parole.") (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")). Additionally, there is no state-created liberty interest in a particular custody classification

or parole in Alabama. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) ("[W]e have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion."); *Francis v. Fox*, 838 F.2d 1147, 1149–50 (11th Cir. 1988) (holding that there is no state-created liberty interest in participation in Alabama's work-release program).

Thus, even accepting Plaintiff's evidence as true and drawing all justifiable inferences in his favor, as the Court must at this stage, he has failed to demonstrate a due process violation. Even if the basis for the Behavior Citation was false and Plaintiff made no unauthorized transactions with his debit card, as Plaintiff claims, he has not been deprived of any Constitutional or state-created liberty of property interest as a result.[4] Accordingly, because Plaintiff has failed to demonstrate an element of his claim on which he bears the ultimate burden of proof, Defendants are entitled to summary judgment on Plaintiff's due process claim.

## VI.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that:

1. Defendants' Special Report (Doc. 31) be construed as a motion for summary judgment;

2. the motion be GRANTED in favor of Defendants; and

---

[4] Moreover, "[t]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation." *Johnson v. VanBuren*, Case No. 5:07-CV-102, 2007 WL 2225818, at *3 (N.D. Fla. Aug. 1, 2007) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951–53 (2d Cir. 1986)).

3.      This case be DISMISSED with prejudice.

It is further ORDERED that, by **March 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of March, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE